**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILLIP REED,

        Petitioner,                 Case Number: 08-CV-12804

v.                                     HONORABLE PAUL D. BORMAN

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE, (2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL AND MOTION TO REMAND FOR AN EVIDENTIARY HEARING; AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Phillip Reed filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is a state inmate currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, challenges his convictions for first-degree felony murder and armed robbery. Now before the court is Petitioner's "Motion to Hold Habeas Petition in Abeyance."

**I. Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree felony murder and armed robbery. He was sentenced to life imprisonment for the murder conviction and 17-1/2 to 30 years' imprisonment for the armed robbery conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.    Defendant appellant's felony murder conviction must be vacated because the evidence was not legally sufficient to prove that he acted with malice or that he knew about or shared the masked man's malice in Riley's unforeseen death.

    II.   Defendant appellant's due process right to a properly instructed jury was violated

when the court misinstructed on the element of intent for an aider and abettor of felony-murder, and if the issue was forfeited by trial counsel's acquiescence in the instructions then defendant-appellant was rendered ineffective assistance of counsel.

III. The prosecutor violated defendant's state and federal due process rights by failing to correct that the false testimony was known or should have been immediately recognized as false by the prosecutor.

IV. The defendant's state and federal constitutional rights were violated when the trial judge abused its discretion by not allowing defense counsel to present impeachment evidence to the jury. Also, defense counsel's ineffectiveness fell below the objective standard set forth in *Strickland v. Washington*, by failing to object to the errors within the court's findings.

V. The defendant's state and federal due process right to a fair and impartial trial were violated when the trial judge allowed hearsay testimony into evidence, which clearly had other effects but the bolstering of the state's main witness Ameera Jasims' credibility.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Reed*, No. 263033 (Mich. Ct. App. Nov. 21, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Reed*, 478 Mich. 868 (Mich. May 30, 2007).

Petitioner filed a motion for relief from judgment in the trial court on June 14, 2007. He filed the pending petition for a writ of habeas corpus on June 26, 2008.

## II. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that five of the claims raised in his habeas corpus petition have not yet been fully exhausted in state court. These five claims were first raised in state court in his motion for

relief from judgment. Petitioner's appeal from the trial court's denial of that motion remains pending in state court. Petitioner asks the Court to stay the pending petition until he fully exhausts his state court remedies by appealing the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and, if necessary, the Michigan Supreme Court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner, whose application for

collateral review is currently pending in state court, must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id*. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. Conclusion

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [dkt. #7] is **GRANTED**. Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Appoint Counsel" [dkt. # 3] and "Motion to Remand for an Evidentiary Hearing" [dkt. # 4] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 2, 2008.

                                                  s/Denise Goodine
                                                  Case Manager