UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP J. REED,

       Petitioner,                              CASE NO. 2:08-12804
                                              HONORABLE PAUL D. BORMAN
v.                                        UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

       Respondent.

_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Phillip J. Reed, ("petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b); and armed robbery, Mich. Comp. Laws § 750.529. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

Here, when viewed in the light most favorable to the prosecution, the evidence showed that the murder victim, Leslie Riley, had a habit of leaving for work at around 5:00 a.m. and picking up the employees who worked for him, including Ben Mitchell, a friend of defendant. The evidence further showed that at around 5:00 a.m. on the morning of the incident, defendant and a masked man, who was armed with a "long rifle," attacked Riley outside his home where they beat him with the rifle. The two then forced Riley and Ameera Jasim, who had spent the night with Riley, back into Riley's house where they continued to beat and demand money from Riley until he was shot and killed by the masked man. Defendant and the masked man then left the home with some of Riley's property.

*People v. Reed,* No. 263033, 2006 WL 3375050, at *2 (Mich.Ct.App. November 21, 2006).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 478 Mich. 868, 731 N.W.2d 706 (2007).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Reed,* No. 04-012408-01 (Third Judicial Circuit Court, Criminal Division, January 28, 2008). Petitioner then filed a petition for writ of habeas corpus, which was held in abeyance while petitioner completed his post-conviction remedies in the state courts. *Reed v. Ludwick,* No. 2:08-CV-12804, 2008 WL 4449850 (E.D. Mich. October 2, 2008). The Michigan appellate courts subsequently denied petitioner leave to appeal from the denial of his post-conviction motion. *People v. Reed,* No. 289385 (Mich.Ct.App. May 8, 2009); *lv. den.* 778 N.W.2d 229 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant's felony murder conviction must be vacated because the evidence was not legally sufficient to prove that he acted with malice or that he knew about or shared the masked man's malice in Riley's unforeseen death.

II. Defendant's due process right to a properly instructed jury was violated when the court misinstructed on the element of intent for an aider and abettor of felony murder, and if the issue was forfeited by trial counsel's acquiescence in the instructions then defendant was rendered ineffective assistance of counsel.

2

III. The prosecutor violated the defendant's state and federal due process rights by failing to correct that the false testimony was known or should have been immediately recognized as false by the prosecutor.

IV. The defendant's state and federal constitutional rights were violated when the trial judge abused its discretion by not allowing defense counsel to present impeachment evidence to the jury. Also, defense counsel's ineffectiveness fell below the objective standard se forth in *Strickland v. Washington* by failing to object to the errors within the court's findings.

V. The defendant's state and federal due process right to a fair and impartial trial was violated when the trial judge allowed hearsay testimony into evidence, which clearly had other effect but (sic) the bolstering of the State's main witness Ameera Jasim's credibility.

VI. Defendant's state and federal right to a fair and impartial trial were violated where the prosecutor misrepresented the law pertaining to felony murder during voir dire and closing arguments by establishing the required element of intent from the participation in the predicate felony.

VII. Defendant was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to object to the inflammatory statements made by the prosecutor during voir dire and closing arguments.

VIII. Defendant's state and federal right to a fair and impartial jury was violated when the trial court abused its discretion by denying defendant's motion for a new trial due to juror misconduct.

IX. The prosecutor violated the defendant's state and federal due process rights by failing to disclose any arguments [sic] with the State's star witness in exchange for her testimony.

X. Defendant was denied his constitutional right to a fair and impartial trial due to the cumulative effect of the prejudicial errors which occurred during his trial.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

3

was adjudicated on the merits in State court proceedings unless the adjudication of
the claim–

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at

410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal system."

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly

deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions

be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh

v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per

curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

4

decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

## III. DISCUSSION

### A. Claim # 1.  The sufficiency of evidence claim.

Petitioner first contends that there was insufficient evidence presented to establish that he acted with the requisite malice necessary to sustain his conviction for felony murder, claiming that there was no evidence that he knew that his co-defendant was going to kill the victim nor was he present when the victim was actually shot and stabbed.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the

5

light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote

omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that

rejects a sufficiency of the evidence claim simply because the federal court disagrees with the

state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the

state court decision was an objectively unreasonable application of the *Jackson* standard. *See*

*Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the

inevitable consequence of this settled law is that judges will sometimes encounter convictions

that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a

federal habeas court reviewing a state court conviction, "the only question under *Jackson* is

whether that finding was so insupportable as to fall below the threshold of bare rationality."

*Coleman v. Johnson,* 132 S.Ct. 2060, 2065 (2012).

> Under Michigan law, the elements of first-degree felony murder are:
>
> (1) the killing of a human being;
> (2) with an intent to kill, to do great bodily harm, or to create a high risk of death
> or great bodily harm with knowledge that death or great bodily harm is the
> probable result (i.e., malice);
> (3) while committing, attempting to commit, or assisting in the commission of
> one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F.3d 780, 789 (6th Cir. 2003)(citing *People v. Carines,* 460 Mich.
750, 759; 597 N.W. 2d 130 (1999)).

The Michigan Supreme Court has indicated that: "[A] jury can properly infer malice

from evidence that a defendant set in motion a force likely to cause death or great bodily harm."

*People v. Aaron,* 409 Mich. 672, 729; 299 N.W.2d 304 (1980); *See also Carines,* 460 Mich. at

759 (internal citation omitted). "Malice may also be inferred from the use of a deadly weapon." *Carines,* 460 Mich. at 759.

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing Mich. Comp. Laws § 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F.3d 315, 322 (6th Cir. 2007)(citing *Carines*, 460 Mich. at 757-58).

Under Michigan law, to convict a defendant of felony murder under an aiding and abetting theory, the prosecutor must show that someone killed the victim during the underlying predicate felony, that the defendant assisted that person in killing the victim, and that the defendant either intended to commit the crime or he knew when he gave the assistance that the other person intended to commit the crime. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 858 (E.D. Mich. 2003)(citing *People v. Smielewski*, 235 Mich. App. 196, 207; 596 N.W. 2d 636, 642 (1999)).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that the petitioner possessed the requisite malice required to support his conviction for first-

7

degree felony murder as an aider and abettor. The evidence established that petitioner actively participated in an armed robbery while knowing that his co-defendant was armed with a rifle. Petitioner, in fact, helped the co-defendant beat the victim with the rifle.

A number of cases have held that a defendant's participation in an armed robbery, while either he or his co-defendants were armed with a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, to support a finding that the defendant acted with malice aforethought, so as to support a conviction for felony-murder on an aiding and abetting theory. *See Hill v. Hofbauer,* 337 F.3d 706, 719-20 (6th Cir. 2003)(intent for felony murder "can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon."). *See also People v. Carines,* 460 Mich. at 759-60; *Harris v. Stovall,* 22 F. Supp. 2d 659, 667 (E.D. Mich. 1998)*; People v. Turner,* 213 Mich. App. 558, 572-73; 540 N. W. 2d 728 (1995)*;overruled in part on other grounds People v. Mass,* 464 Mich. 615; 628 N.W. 2d 540 (2001); *People v. Hart*, 161 Mich. App. 630, 635; 411 N.W. 2d 803 (1987); *Meade v. Lavigne ,* 265 F. Supp. 2d at 858-59. *See also Redmond v. Jackson,* 295 F. Supp. 2d 767, 774 (E.D. Mich. 2003)(petitioner not entitled to tolling of the AEDPA's statute of limitations on a claim that he was actually innocent of felony-murder, finding that petitioner's act of providing a firearm to be used in an armed robbery demonstrated a wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery). When viewed in a light most favorable to the prosecution, the evidence established that petitioner acted with the requisite malice aforethought so as to support his conviction for first-degree felony murder. Petitioner is not entitled to habeas relief on his first claim.

8

**B. Claim # 2. The jury instruction/ineffective assistance of counsel claim.**

In his second claim, petitioner contends that the trial judge gave misleading instructions on aiding and abetting and that alternatively, his trial counsel was ineffective for failing to object to the instructions as given.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999). Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009). It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191. Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The Michigan Court of Appeals ruled that petitioner's instructional error claim was waived because petitioner's counsel had expressed satisfaction with the instruction as given. *Reed,* No. 263033, Slip. Op. at *2. However, in the context of rejecting petitioner's related

ineffective assistance of counsel claim, the court held that the trial judge's instructions on aiding and abetting and felony murder were identical to the Michigan Criminal Jury Instructions, CJI 2d 8.1 and CJI 2d 16.4 , and "were legally accurate." *Id.,* at 5.

Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur*, 421 U.S. 684, 690-91 (1975). The nature of a particular jury instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). Because the Michigan Court of Appeals found that the instructions as given by the trial court accurately reflected Michigan law regarding aiding and abetting, this Court must defer to that determination and cannot question it. *See Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000). In this case, because the Michigan Court of Appeals determined that the jury instructions accurately reflected the elements of aiding and abetting, petitioner is not entitled to habeas relief on this claim. *See Williams v. Withrow,* 328 F. Supp. 2d 735, 752-53 (E.D. Mich. 2004).

Petitioner further contends that trial counsel was ineffective for failing to object to the allegedly erroneous aiding and abetting instruction. To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must

10

overcome the presumption that, under the circumstances, the challenged action might be sound

trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such

performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for

prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just

conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6ᵗʰ Cir. 2011)(quoting *Harrington*, 131

S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant

who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable

probability that the result of the proceeding would have been different, but for counsel's

allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

      In this case, the Michigan Court of Appeals determined that the trial judge correctly

instructed the jurors on the elements of aiding and abetting. Because the aiding and abetting

instruction as given was adequate, counsel's failure to object to the instruction was not

objectively unreasonable, and petitioner cannot show that a different instruction would likely

have changed the outcome of his trial as to entitle him to habeas relief on his claim. *See Jacobs*

*v. Sherman,* 301 F. App'x. 463, 466-67 (6ᵗʰ Cir. 2008). Petitioner is not entitled to habeas relief

on his second claim.

      **C. Claim # 3. The perjury claim.**

      Petitioner next alleges that he was denied a fair trial when the prosecutor permitted

Ameera Jasim to falsely testify at the preliminary examination that she had never been convicted

of a crime involving truth or dishonesty, when she had, in fact, been convicted of third-degree

retail fraud.

The Michigan Court of Appeals rejected petitioner's claim:

> The record indicates that Jasim denied during her testimony at the December 2004 preliminary examination in this matter that she had been convicted of "any crime involving truth or dishonesty within the last ten years." At trial, however, it was established that Jasim had been convicted of third-degree retail fraud in July 2004. In *People v. Parcha*, 227 Mich.App 236, 246-247; 575 NW2d 316 (1997), this Court held that a retail fraud conviction is considered a theft crime that does not contain elements of dishonesty or false statements unless the proponent establishes that the factual circumstances underlying the conviction show that the crime contained additional dishonest circumstances. Here, however, there is nothing in the record from which this Court can ascertain whether Jasim's retail fraud conviction contained an element of dishonesty or false statement. Consequently, defendant has failed to show that Jasim lied when she denied having been convicted of "any crime involving truth or dishonesty within the last ten years."

*Reed,* No. 263033, Slip. Op. at * 2-3.

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959)(internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). However, a habeas petitioner must show that a witness' statement was "indisputably false," rather than misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000).

In the present case, Ms. Jasim was asked at the preliminary examination if she had been

12

convicted of a crime involving truth or dishonesty.  Ms. Jasim denied having been convicted of

such a crime.  Although it turns out that Ms. Jasim had been convicted of third-degree retail

fraud, the Michigan courts have determined that absent any special circumstances, retail fraud is

not a crime that contains an element of dishonesty or fraud.  Ms. Jasim thus did not testify

falsely then when she denied having been convicted of a crime involving truth or dishonesty.

Because petitioner has failed to show that Ms. Jasim's testimony was "indisputably false," he is

not entitled to habeas relief on his perjury claim. *See Rosencrantz v. Lafler,* 568 F.3d 577, 586

(6th Cir. 2009).

### D.  Claims # 4 and # 5.  The evidentiary law claims.

The Court will discuss petitioner's fourth and fifth claims together because they both

involve challenges to the trial judge's ruling on the admissibility of evidence.  In his fourth

claim, petitioner contends that the trial judge erred in refusing to permit trial counsel to impeach

Ms. Jasim with her third-degree retail fraud conviction.  In the alternative, petitioner contends

that trial counsel was ineffective for failing to object to the trial judge's ruling on the

admissibility of Ms. Jasim's prior conviction, either to challenge her credibility or to establish

that she had committed perjury at the preliminary examination.  In his fifth claim, petitioner

contends that the trial judge erred in admitting statements made by Ms. Jasim to other witnesses

under the excited utterances exception to the hearsay rule, contending that her statements did not

qualify under that exception.

It is "not the province of a federal habeas court to reexamine state-court determinations

on state-court questions." *Estelle v. McGuire*, 502 U.S. at 67-68.  A federal court is limited in

federal habeas review to deciding whether a state court conviction violates the Constitution,

13

laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially

rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas

court. *Seymour v. Walker,* 224 F. 3d at 552.

Pursuant to M.R.E. 609, evidence that a witness has been convicted of a crime may not

be admitted unless the crime: (1) contained an element of dishonesty or false statement, or (2)

contained an element of theft, was punishable by more than one year in prison, and has

significant probative value on the issue of credibility. The Michigan Court of Appeals

concluded that Ms. Jasim's third-degree retail fraud conviction was not admissible to impeach

her credibility, because the conviction was not punishable by more than one year in prison nor

did it involve an element of dishonesty or false statement. *Reed,* No. 263033, Slip. Op. at *3.

The Michigan Court of Appeals further concluded that because Ms. Jasim did not commit

perjury at the preliminary examination when she denied having been convicted of a crime

involving dishonesty or truth, the trial judge did not err in refusing to permit counsel to impeach

Ms. Jasmin with this conviction. *Id.*

In the present case, petitioner's claim that the trial court erred in excluding Ms. Jasim's

prior conviction for impeachment purposes pursuant to M.R.E. 609 does not present a

constitutional challenge that is cognizable in a federal habeas proceeding. *See Burks v. Egeler,*

512 F.2d 221, 223 (6th Cir. 1975); *Newsome v. Compton,* 712 F. Supp. 654, 655, n. 2 (M.D.

Tenn. 1988). Moreover, because Ms. Jasim's third-degree retail fraud was inadmissible for

impeachment purposes pursuant to M.R.E. 609(a), petitioner was not denied the effective

assistance of counsel because of his attorney's failure to object to the trial court's decision to

exclude her conviction from being used for impeachment purposes. *See e.g. Pillette v. Berghuis,*

14

408 F. App'x. 873, 890-91 (6th Cir. 2010).

In his fifth claim, petitioner alleges that the trial court erred in admitting statements made by Ms. Jasim to other witnesses, because such statements did not qualify as excited utterances.

What is or is not hearsay evidence in a state court trial is governed by state law. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 705 (E.D. Mich. 2004)(internal citations omitted). Petitioner's claim that the trial court improperly admitted Ms. Jasim's statements under the excited utterance exception to the hearsay rule presents a state evidentiary law issue which is not cognizable on federal habeas review. *See e.g. Smith v. Jones,* 326 F. App'x. 324, 330 (6th Cir. 2009). *See also Williams v. White,* 183 F. Supp. 2d 969, 975-77 (E.D. Mich. 2002).

Nor can petitioner claim that the admission of Ms. Jasim's out-of-court statements to these witnesses violated his Sixth Amendment right to confrontation, because Ms. Jasim testified at trial and was subjected to cross-examination. An inquiry into the reliability of a hearsay statement is not required for Confrontation Clause purposes when the hearsay declarant is present at trial and subject to unrestricted cross-examination. *See United States v. Owens,* 484 U.S. 554, 560 (1988). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Id.* at 560 (internal citations omitted). Because Ms. Jasim testified at petitioner's trial and was subject to cross-examination, the admission of her hearsay statements to these witnesses as an excited utterance did not violate petitioner's Sixth Amendment right to confrontation. *See Shannon v. Berghuis,* 617 F. Supp. 2d 596, 604 (W.D. Mich. 2008). Petitioner is not entitled to habeas relief on his fourth or fifth claims.

**E. Claims # 6-10.  The procedurally defaulted claims.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).  Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.  For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(i).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

16

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

In the present case, the Wayne County Circuit Court judge, in denying petitioner's post-conviction motion, after reciting the "cause and prejudice" standard under M.C.R. 6.508(D)(3), ruled that petitioner had failed to "meet the stringent burden of MCR 6.508(D)(3)(a-b)." *Reed*, No. 04-012408-01, Slip. Op. at *2-3.

17

The trial court judge clearly denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). *See also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). Petitioner's sixth through tenth claims are procedurally defaulted. [1]

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 463 U.S. at 754.

Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753. (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* claim based on [appellate] counsel's failure to raise a particular claim[on appeal], but it is difficult to demonstrate that counsel was incompetent."

---

[1] Petitioner could not have procedurally any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d at 870.

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting his sixth through tenth claims. Appellate counsel filed a twenty page brief which presented what now make up the first two claims raised by petitioner in his petition. [2] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Michigan Attorney General in the answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims

---

[2] *See* Defendant-Appellant's Brief [This Court's Dkt. # 18-11].

19

on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000). In addition, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

More importantly, this Court notes that in addition to the appellate brief filed by appellate counsel, petitioner filed a thirty two page supplemental Standard 4 *pro per* brief on his appeal of right before the Michigan Court of Appeals.[3] Although petitioner raised the three claims which now make up his third through fifth claims in this supplemental appeal brief, he did not present any of the issues that he would subsequently raise for the first time on his post-conviction motion for relief from judgment. Petitioner took advantage of the opportunity pursuant to the Michigan Court Rules to file a supplemental appellate brief to raise claims that had not been raised by his appellate counsel, yet failed to include what make up his sixth through tenth claims in his supplemental brief. Petitioner has offered this Court no explanation why he failed to raise his sixth through tenth claims in his supplemental *pro per* brief that he filed as part of his direct appeal. Because petitioner has offered no reasons for his failure to include these claims in his supplemental *pro per* brief on his direct appeal, he has failed to establish cause to excuse the default of these claims. *See Rockwell v. Palmer,* 559 F. Supp. 2d 817, 834 (W.D. Mich. 2008)(habeas petitioner did not show any cause for his failure to raise on

---

[3] *See* Defendant's Pro Per Standard 4 Appellate Brief and Motion to Remand For Evidentiary/ Ginther Hearing. [This Court's Dkt. # 18-11].

direct appeal his claim of ineffective assistance of trial counsel, where petitioner had filed two briefs on his own behalf raising other claims that had not been asserted by his appellate counsel, but he offered no explanation for his failure to raise the ineffective assistance claim at the same time).

In the present case, petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his sixth through tenth claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim [Claim # I] is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his remaining claims.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the

21

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas

corpus.  The Court further **DENIES** a certificate of appealability and leave to appeal *in forma*

*pauperis*.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED: 12-11-12

23